DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant Theresa Watral appeals from the Medina County Court of Common Pleas, Division of Domestic Relations, which formalized her divorce from appellee, Robert Watral. We affirm in part and reverse in part.
 {¶ 2} Theresa and Robert Watral were married on October 27, 1990, and have two children, currently ages thirteen and ten. Mrs. Watral suffers from two severe medical conditions, Chiari Malformation and Trigeminal Neuralgia. She has undergone three (3) brain surgeries to alleviate the bouts of unbearable pain that accompany these conditions. On the advice of her physician, she declined a fourth brain surgery. Due to the debilitating nature of these conditions, she last worked in January 2000 and thereafter sought Social Security disability benefits.
 {¶ 3} In July 2003, Mr. Watral filed for divorce. A magistrate awarded Mrs. Watral temporary residential parent status and ordered Mr. Watral to pay temporary child support and health care, mortgage and utility bills for the marital residence, installment payments on five credit cards, and certain other expenses. Mr. Watral paid the child support, but admits that he failed to pay several other obligations, explaining that he simply could not afford to. Eventually, the magistrate issued a divorce order, which modified the temporary order in certain respects. Mrs. Watral objected. The trial court conducted a divorce hearing in September and October 2004, and rendered a final divorce order in January 2005. Mrs. Watral timely appealed, asserting five assignments of error for review.
 Assignment of Error I
"The trial court erred both in overruling appellant-wife's objections to the magistrate's decision finding that the wife was voluntarily unemployed and in finding that wife was voluntarily unemployed."
 {¶ 4} Mrs. Watral alleges that the trial court erred by finding her voluntarily unemployed. This is simply not true — the trial court did not find her voluntarily unemployed. While the trial court did affirm the magistrate's finding, that finding is irrelevant because the trial court's final divorce decree usurps the magistrate's temporary orders. This assignment of error is without merit.
 {¶ 5} For purposes of calculating child or spousal support, "gross income * * * includes income from * * * social security benefits, including * * * disability." R.C. 3119.01(C)(7). See, also, R.C. 3119.022 (Item 5). The parties agree that Mrs. Watral receives $661.60 per month ($7,939.20 per year) in Social Security disability. The trial court used $7,939.20 as Mrs. Watral's annual income in completing the support calculation worksheet. See R.C. 3119.022.
 {¶ 6} The trial court's only mention of voluntary unemployment anywhere in the final divorce decree was in response to Mrs. Watral's objections, explaining:
"With regard to [Mrs. Watral's] objections to the Temporary Orders, the Court does not find them well taken. The Magistrate's finding that [Mrs. Watral] was voluntarily unemployed is supported by the evidence. [Mrs. Watral] never disclosed to the Magistrate that she was or would be receiving Social Security disability benefits. With the modification of the Temporary Orders in this decision, [Mrs. Watral's] actual income is accurately reflected [as $7,939.20]."
Therefore, the trial court did not find her voluntarily unemployed, nor did it rely on the magistrate's finding. Mrs. Watral's first assignment of error is overruled.
 Assignment of Error II
"The trial court erred in finding that appellee-husband's income, for purposes of calculating child support and spousal support and determining payment of health care insurance premiums and expenses for the children, was the average of his last three years of reported income on the parties' joint federal tax returns where husband admitted to thousands of dollars in unreported cash income and appellant-wife presented evidence that husband's average income was significantly higher than actually reported on the tax returns."
 {¶ 7} Mrs. Watral alleges that the trial court erred in calculating the support obligation by improperly relying on Mr. Watral's explanation and documentary evidence of his income, despite her protests to the contrary. This Court disagrees.
 {¶ 8} Decisions regarding support obligations are within the discretion of the trial court and will not be disturbed without an abuse of discretion. Rock v. Cabral (1993),67 Ohio St.3d 108, syllabus. An abuse of discretion is more than an error of law or judgment, but rather, it is a finding that the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 9} In the present case, the trial court explained:
"[Mrs. Watral] presented detailed financial evidence to show that during the marriage the deposits into the couple's checking account exceeded the income they claimed on their joint tax returns each year.
"[Mr. Watral] presented contrary evidence to demonstrate that [Mrs. Watral's] reliance on only deposits omitted legitimate business expenses. After factoring in the business expenses, depreciation expenses and taxes liabilities, [Mr. Watral's] calculations showed the bank deposits were consistent with their tax returns.
"If [Mrs. Watral's] claims are to be believed, then the Court must consider that [Mrs. Watral] knowingly signed tax returns each year which misrepresented the household income, but now asks the Court to consider what she claims is [Mr. Watral's] unreported income in fashioning child and spousal support orders. Until such time as [Mrs. Watral] is prepared to amend the couple's tax returns to reflect the unreported income she claims for each of the prior years, the Court finds her argument disingenuous."
 {¶ 10} This Court has previously expressed its unwillingness to assume tax fraud in these types of cases, where parties offer little more than self-serving, after-the-fact accusations. SeeMarek v. Marek, 158 Ohio App.3d 750, 2004-Ohio-5556, at ¶ 33. In the present case, the trial court expressed its deliberate consideration of both positions, and concluded that Mrs. Watral was not believable. However, the trial court left her the opportunity to re-visit the issue and legitimize her contentions by amending her tax returns. We note that Mrs. Watral has offered no evidence or even a suggestion that she intends to do so.
 {¶ 11} Based on the foregoing, this Court cannot conclude that the trial court's attitude was unreasonable, arbitrary, or unconscionable. See Blakemore, 5 Ohio St.3d at 219. Mrs. Watral's second assignment of error is overruled.
 Assignment of Error III
"The trial court erred by failing to find appellee-husband in contempt for his failure to comply with the temporary orders concerning the payment of family expenses during the pendency of the divorce case."
 {¶ 12} Mrs. Watral alleges that the trial court erred by refusing to find Mr. Watral in contempt of court for failing to pay the support obligations specified in the temporary orders. This Court disagrees.[1]
 {¶ 13} Decisions regarding contempt of court are reviewed for an abuse of discretion. State ex rel. Ventrone v. Birkel
(1981), 65 Ohio St.2d 10, 10. "It is well-established that once a defendant's failure to pay court-ordered [payments] has been sufficiently proven, the defendant may raise inability to comply as an affirmative defense to contempt." Herold v. Herold, 10th Dist. No. 04AP-206, 2004-Ohio-6727, at ¶ 28, citing Pugh v.Pugh (1984), 15 Ohio St.3d 136, 140. The trial court made the pertinent factual finding in the final divorce decree:
"The Court, in this decision and in the Magistrate's October 29, 2003 Temporary Order and February 13, 2004 Findings and Conclusions, found [Mr. Watral] unable to pay as ordered. Though he sometimes made poor choices in prioritizing which expenses to pay, the evidence establishes [Mr. Watral] was unable to pay as ordered."
Accordingly, after applying this factual finding to the prevailing law, we cannot conclude that the trial court abused its discretion in failing to find Mr. Watral in contempt. Mrs. Watral's third assignment of error is overruled.
 Assignment of Error IV
"The trial court erred in its treatment of appellant-wife's receipt of a lump-sum Social Security Disability (SSD) payment for retroactive benefits accrued."
 {¶ 14} Mrs. Watral alleges that the trial court erred by treating her Social Security distribution as divisible marital property. Specifically, Mrs. Watral argues that the court erred by (1) finding that she failed to disclose the receipt of the distribution, (2) imposing a constructive trust, and (3) ordering her to pay a portion of the distribution to Mr. Watral as divisible marital property.[2] This Court disagrees. Mrs. Watral did fail to disclose receipt of the distribution, the trial court thereafter imposed the constructive trust in response to this violation of its order, and although the court ordered her to pay a portion of the distribution to Mr. Watral, it did so by labeling the distribution as "income," not "divisible marital property." In fact, the trial court specifically stated that the distribution was not divisible marital property. Accordingly, we find no merit to this argument.
 {¶ 15} However, within the text of her brief, Mrs. Watral proposes a collateral argument, supported by R.C. 3119.01(C)(7), that the trial court erred by treating her lump-sum social security distribution as income for purposes of calculating support obligations and arrearages. This Court agrees.
 {¶ 16} The trial court stated:
"During the pendency of this case, however, [Mrs. Watral] received a lump sum of $23,385 in retroactive Social Security disability benefits for the period October 2000 through May 2004. [Mrs. Watral] did not disclose the receipt of the funds to the Court and instead signed the check over to her father, purportedly as reimbursement for the monies he loaned her.
"[Mr. Watral] contends the lump sum Social Security disability payment is marital property subject to division. The Court disagrees in part.
"The Supreme Court of Ohio has held `* * * Social Security benefits are not gratuities from the federal government, but are earned by the disabled parent.' Williams v. Williams (2000),88 Ohio St.3d 441, 443, 2000 Ohio 375. Accordingly, for the period during which Temporary Orders were in effect, the lump sum should not be divided as a marital asset, but should be calculated into the temporary orders as income to [Mrs. Watral]."
This decision is in error, as an incorrect application of the law. This Court reviews questions of law de novo. Maumee v.Public Util. Comm., 101 Ohio St.3d 54, 2004-Ohio-7, at ¶ 3. Also, as a preliminary matter, the case cited by the trial court above is inapplicable to the lump-sum distribution at issue in this case.
 {¶ 17} In calculating support obligations, "`[g]ross income' does not include any of the following: * * * [n]onrecurring or unsustainable income or cash flow items[.]" R.C.3119.01(C)(7)(e). "`Nonrecurring or unsustainable income or cash flow item' means an income or cash flow item the parent receives in any year * * * that the parent does not expect to continue to receive on a regular basis." R.C. 3119.01(C)(8). This Court finds that the single lump-sum distribution to Mrs. Watral is the type of nonrecurring or unsustainable cash flow item that is to be excluded from her gross income for purposes of the associated support calculations. See id. As such, the trial court erred when it labeled this money as income, recalculated the prior support obligations, and deducted the resulting difference in amount from the arrearages. However, this Court agrees with the trial court that the Social Security Disability benefit lump-sum payment isnot marital property that would be subject to equitable division. See Kimmey v. Kimmey, 3rd Dist. No. 1-01-68, 2001-Ohio-2305, at 4, citing R.C. 3105.171(A)(6)(a)(vi); Hoyt v.Hoyt (1990), 53 Ohio St.3d 177, 178 fn.3.
 {¶ 18} Mrs. Watral's fourth assignment of error is sustained with regard to the inclusion of the lump sum payment as gross income for purposes of support recalculation and adjustment of the associated arrearages. Mr. Watral is not entitled to any of this lump-sum payment.
 Assignment of Error V
"The trial court erred by assigning any of the credit card debt and outstanding medical bills to appellant-wife, and by failing to award wife attorneys fees."
 {¶ 19} As her fifth assignment of error, Mrs. Watral asserts two seemingly unrelated claims: (1) that the trial court erred by assigning her responsibility for certain accumulated debts; and (2) that the trial court erred by ordering her to pay her own attorney fees. As this Court can find no basis to address these allegations together, they are addressed individually.
1. Credit Card Debt
 {¶ 20} Mrs. Watral alleges that the trial court abused its discretion by ordering that she pay certain outstanding credit card and medical bills.[3] This Court disagrees.
 {¶ 21} Decisions regarding marital distributions are reviewed for an abuse of discretion. Martin v. Martin (1985),18 Ohio St.3d 292, 294-95. In the divorce decree, the trial court explained:
"[Mrs. Watral] argues that just prior to the filing of [the] Complaint for Divorce, [Mr. Watral] refinanced the marital residence and rolled $15,112 of credit card debt into the mortgage. The parties also received some cash. Therefore, [Mrs. Watral] contends there should be no marital debt and [Mr. Watral] should be responsible for all the indebtedness, including her outstanding medical bills.
"[Mrs. Watral's] argument that there should be no debt and so [Mr. Watral] must have engaged in financial misconduct lacks merit. Both parties have consistently lived beyond their means. During the pendency of this case, [Mr. Watral] was ordered to pay all of the couple's expenses, the mortgage and support. He did not have the means to pay as ordered. He is now voluntarily assuming the bulk of the indebtedness that he incurred."
In the text of the divorce decree, the trial court considered each of the outstanding credit card accounts, attributed some entirely to Mr. Watral, some entirely to Mrs. Watral, and split some as joint accounts, for example:
"[Mr. Watral] alleges the $3,271.82 owed to Capital One is a joint debt. [Mrs. Watral], in her trial brief, asserts nothing was owed to Capital One at the time she filed her Complaint for Divorce. Though she meticulously documented every dollar deposited into their bank accounts, she provides no documentation to support this claim. [Mr. Watral] produced a July 2004 statement that shows he requested the account be closed and that the account is inactive and will be officially closed when the balance reaches $0. The party seeking to establish property or a debt as separate must prove the separate nature of the property or debt by a preponderance of the evidence. [Mrs. Watral] did not meet her burden of proof and so the Court finds this a joint debt." (Citations omitted.)
 {¶ 22} We recognize the sound principal that the trier of fact is best positioned to weigh the credibility of the individual witness and reach a conclusion based on the totality of the evidence. See State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. If we are to accept the trial court's findings of fact, in conjunction with the absence of any overriding legal authority, then we can find no error in the trial court's resolution through equitable allocation of the debts. See R.C. 3105.171(B) (C) (discussing the equitable division of marital property); Doan v. Doan (Oct. 30, 1998), 1st Dist. No. C-971101, at 3 ("marital property, which obviously includes the parties' marital debt").
 {¶ 23} Based on a review of the record and the foregoing analysis, this Court cannot conclude that the trial court abused its discretion in reaching this decision. See Blakemore,5 Ohio St.3d at 219. This portion of this assignment of error is without merit.
2. Attorney Fees
 {¶ 24} Mrs. Watral alleges that the trial court abused its discretion by failing to award her attorney fees. Specifically, she argues that (1) she did not initiate the divorce action, (2) she is disabled and unemployed, and (3) Mr. Watral is employed and therefore better able to pay these fees. Accordingly, the trial court was obligated to award her attorney fees. This Court disagrees.
 {¶ 25} Decisions regarding the award of attorney fees are within the discretion of the trial court and will not be disturbed without an abuse of discretion. Motorists Mut. Ins.Co. v. Brandenburg (1995), 72 Ohio St.3d 157, syllabus. Pursuant to the statute prevailing at the time of the divorce:
"In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, * * * if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees." R.C. 3105.18(H) (repealed Apr. 27, 2005).
As this statute expressly authorizes the trial court to exercise its discretion, it was under no obligation to award attorney's fees, no matter what its findings may have been. SeeMotorists Mut., 72 Ohio St. 3d at syllabus. However, the statute also provides analytical criteria for making the determination, one of which is whether the other party has the ability to pay. In the present case, the trial court did not detail its decision on attorney fees, but it did repeatedly recall Mr. Watral's inability to pay his prior obligations and his agreement to undertake certain debts as part of the divorce decree. Therefore, this Court finds no basis to conclude that the trial court abused its discretion; that its attitude was unreasonable, arbitrary, or unconscionable. See Blakemore,5 Ohio St.3d at 219. This portion of this assignment of error is without merit. This assignment of error is overruled.
 {¶ 26} Mrs. Watral's fourth assignment of error is sustained, while all the others are overruled. The decision of the Medina County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Whitmore, J., concurs.
[1] In her appellate brief, Mrs. Watral offers no pertinent authority, either case law or statute, that would support her position, nor does she assert any argument to overcome, limit, revisit, or reconcile her current position to the contradictory, prevailing authority on this issue. As such, this Court could properly hold that she has failed her burden on appeal. See App.R. 16(A)(7); Loc.R. 7(A)(7).
[2] With respect to this three-part argument, Mrs. Watral offers no pertinent authority, either case law or statute, that would support her position, nor does she assert any argument to overcome, limit, revisit, or reconcile her current position to the contradictory, prevailing authority on this issue. As such, this Court could properly hold that she has failed her burden on appeal. See App.R. 16(A)(7); Loc.R. 7(A)(7).
[3] With respect to this assertion, Mrs. Watral offers no pertinent authority, either case law or statute, that would support her position that the trial court abused its discretion by equitably dividing the parties' debt. As such, this Court could properly hold that she has failed her burden on appeal. See App.R. 16(A)(7); Loc.R. 7(A)(7).