[Cite as *Henry v. Henry*, 2015-Ohio-4350.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

SUZANNE R. HENRY

     Appellant

     v.

SCOTT A. HENRY

     Appellee

C.A. No.      27696

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     2009-06-1707

DECISION AND JOURNAL ENTRY

Dated: October 21, 2015

SCHAFER, Judge.

{¶1} Appellant, Suzanne R. Henry, appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, that found her in contempt, ordered her to pay the attorney fees and costs of her former husband, Scott Henry, and, as part of the purge condition, ordered her to pay $18,000 to her former husband. This Court affirms.

I.

{¶2} In 2009, the trial court issued an uncontested divorce decree. However, Mr. Henry filed a motion to vacate the divorce decree in 2012, which the trial court granted due to lack of service, thus reopening the case.

**{¶3}** The parties stipulated to all issues at trial, with the exception of spousal support, and entered into an agreed judgment entry,[1] which was adopted by the trial court on March 1, 2013. Relevant to this appeal, paragraph three of the judgment entry states as follows:

> Property Settlement. Upon the closing of the sale of the former marital residence * * * , [Ms. Henry] shall pay to [Mr. Henry] as and for property settlement the sum of Twenty Thousand Dollars ($20,000) regardless of the amount of net proceeds received by [Ms. Henry].

**{¶4}** On March 11, 2013, the magistrate issued a decision ordering Ms. Henry to pay spousal support to Mr. Henry. Additionally, as relevant to this appeal, the magistrate reiterated that the parties "stipulated to sell the marital residence," the proceeds of which "shall be used to pay off balances" of the property's two mortgages, as well as the parties' various credit cards. The magistrate found that once these debts were paid off with the home sale's proceeds, the parties stipulated that Mr. Henry "shall receive $20,000 for his interest in the home and [Ms. Henry] shall retain any remaining proceeds." The trial court adopted the magistrate's decision. Ms. Henry subsequently filed objections to the magistrate's decision on spousal support as well as a Civ.R. 60(B) motion for relief from the judgment to pay the $20,000 to her former husband.

---

[1] Although the parties describe the March 1, 2013 judgment entry as a "divorce decree" in their appellate briefs, it does not appear to be a final appealable order. The March 1, 2013 entry does not include spousal support and the March 11, 2013 entry does not render either of the court's two orders final. Thus, the March 1, 2013 entry is not technically a "divorce decree." As a consequence, Ms. Henry was found in contempt for violating an interlocutory order, not a final judgment. However, the Supreme Court of Ohio has nonetheless held that "[w]here a non-appealable interlocutory order results in a judgment of contempt, including fine or imprisonment, such a judgment is a final and appealable order and presents to the appellate court for review of the propriety of the interlocutory order which is the underlying basis for the contempt adjudication." *Smith v. Chester Twp. Bd. of Trustees*, 60 Ohio St.2d 13 (1979), syllabus.

The trial court ultimately overruled Ms. Henry's objections and denied her Civ.R. 60(B) motion in separate orders on January 22, 2015.[2]

**{¶5}** On October 11, 2013, Mr. Henry filed a motion asking the trial court to hold Ms. Henry in contempt for failing to pay the full amount of the property settlement as set forth in paragraph three of the judgment entry. The magistrate held a hearing on Mr. Henry's motion and, on January 17, 2014, found Ms. Henry in contempt for failing to pay Mr. Henry the full amount due under the property settlement despite the fact that the marital home had been sold in August 2013. The trial court adopted the magistrate's decision. Ms. Henry subsequently filed objections to the magistrate's decision finding her in contempt, which the trial court ultimately overruled on January 28, 2015.

**{¶6}** Ms. Henry timely filed this appeal challenging the trial court's January 28, 2015 judgment, raising four assignments of error for our review.

II.

**Assignment of Error I**

**The trial court erred in interpreting its own judgment entry and holding Ms. Henry in contempt for violating terms not included in its order.**

**{¶7}** In her first assignment of error, Ms. Henry argues that the trial court erred by finding her in contempt because a discrepancy in the language of the March 1, 2013 judgment entry and the magistrate's March 11, 2013 decision rendered the trial court's directive ambiguous. Ms. Henry maintains that this ambiguity requires the language contained in the

---

[2] Ms. Henry filed a notice of appeal intending to challenge the trial court's March 11, 2013 spousal support order; however this Court dismissed that attempted appeal as being untimely. At oral argument in the instant matter, appellate counsel for Ms. Henry contested the validity and propriety of the trial court's spousal support order. As Ms. Henry's attempted appeal from the trial court's spousal support order was untimely, all issues pertaining to the spousal support order are not before us and we decline to address them.

March 11, 2013 magistrate's decision to govern, which, according to Ms. Henry, mandates that she merely take "reasonable steps" to comply with the trial court's order to pay Mr. Henry $20,000 from the proceeds of the sale of the marital residence. We disagree.

{¶8} Under Ohio law, court orders are subject to interpretation if they are ambiguous. *See Collette v. Collette*, 9th Dist. Summit No. 20423, 2001 WL 986209, * 2 (Aug. 22, 2001), quoting *Quisenberry v. Quisenberry*, 91 Ohio App.3d 341, 348 (2d Dist.1991). "If there is good faith confusion over the interpretation to be given to a particular clause of a [court order], the trial court in enforcing that [order] has the power to hear the matter, clarify the confusion, and resolve the dispute." *Id*. This Court reviews a trial court's decision to interpret the terms of a court order under the abuse of discretion standard. *Id*. An abuse of discretion means more than an error of judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court may not simply substitute its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶9} After reviewing the judgment entry and the magistrate's decision in their entirety, we cannot conclude that the trial court abused its discretion. The judgment entry ordered Ms. Henry to pay $20,000 to Mr. Henry "regardless of the amount of net proceeds received by [Ms. Henry]" in the sale of the marital residence. The magistrate's decision, on the other hand, strictly concerned the unresolved issue of spousal support and it did not indicate that the magistrate intended to alter the terms of the previous judgment entry. While the factual findings contained within the magistrate's decision reiterated the parties' prior stipulation in language that did not mirror the language contained in the judgment entry, this reiteration, when read in context, was clearly intended to serve as background for the spousal support order. Contrary to

Ms. Henry's argument, the language within the judgment entry does not conflict with the magistrate's decision. As such, the trial court's instruction that Ms. Henry pay Mr. Henry $20,000 from the proceeds of the sale of the marital residence regardless of the net proceeds received in the sale was not ambiguous. Because no ambiguity exists, we determine that the trial court did not err in finding Ms. Henry in contempt for violating the terms of the judgment entry.

{¶10} Ms. Henry's first assignment of error is overruled.

### Assignment of Error II

**The trial court erred and abused its discretion by finding Ms. Henry in contempt of court and awarding attorney's fees to Mr. Henry.**

{¶11} In her second assignment of error, Ms. Henry argues that the trial court erred by finding her in contempt because its finding that she had the ability to pay $20,000 to Mr. Henry was "overblown and arbitrary." We disagree.

{¶12} "This Court reviews contempt proceedings for an abuse of discretion." *Morrow v. Becker,* 9th Dist. Medina No. 11CA0066–M, 2012–Ohio–3875, ¶ 47. R.C. 2705.02 governs acts in contempt of court and provides, in relevant part: "A person guilty of any of the following acts may be punished as for a contempt: (A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer[.]" To establish contempt, the moving party must "establish a valid court order, knowledge of the order by the defendant, and a violation of the order." *State v. Komadina*, 9th Dist. Lorain No. 03CA008325, 2004-Ohio-4962, ¶ 11. "In civil contempt proceedings, a finding of contempt must be premised on clear and convincing evidence." *Zemla v. Zemla,* 9th Dist. Wayne No. 11CA0010, 2012–Ohio–2829, ¶ 11. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a

firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. The party seeking to hold the other in contempt bears the burden of proving the other's failure to comply with an order of the court. *Zemla at ¶ 11.* "Once the movant proves his prima facie case, the contemnor must present evidence of [her] inability to comply with the order or any other available defense." *Id*; *see also Watral v. Watral*, 9th Dist. Medina No. 05CA0017-M, 2005-Ohio-6917, ¶ 13, quoting *Herold v. Herold*, 10th Dist. Franklin No. 04AP-206, 2004-Ohio-6727, ¶ 28, citing *Pugh v. Pugh*, 15 Ohio St.3d 136, 140 (1984) ("It is well-established that once a defendant's failure to pay court-ordered [payments] has been sufficiently proven, the defendant may raise inability to comply as an affirmative defense to contempt.").

{¶13} The March 1, 2013 judgment entry mandated that Ms. Henry had to pay $20,000 following the sale of the marital residence. The record indicates that Ms. Henry did sell the marital residence in August 2013 for $205,000, which was significantly less than its appraised value of $230,000.[3] After paying off the marital debts, closing costs, and moving expenses with the proceeds of the sale, Ms. Henry was left with only $3,700 in net proceeds. She paid $2,000 of the $3,700 net proceeds to Mr. Henry, but was deficient in her obligation by $18,000. Ms. Henry acknowledged this deficiency during her testimony at the contempt hearing. In light of this evidence, the trial court did not abuse its discretion in finding that Ms. Henry was in contempt for violating the March 1, 2013 judgment entry.

---

[3] Ms. Henry testified at the contempt hearing that despite the fact that the marital residence was appraised at $230,000, she decided to sell the house for $205,000 because it was the best offer that she received. Moreover, Ms. Henry testified that a home inspection revealed that the property tested positive for high levels of radon and also revealed the presence of carpenter ants, both of which negatively impacted the value of the home. Lastly, Ms. Henry testified that $205,000 was at the top range of comparable home sales in her neighborhood.

{¶14} Ms. Henry attempted to avoid the contempt finding by offering evidence regarding her purported inability to pay due to the reduced sale price of the marital residence and her lack of other available assets to liquidate. But, the trial court received evidence that Ms. Henry's gross annual income was $61,000 and determined that although Ms. Henry did not have the ability to pay the full balance of the debt owed to Mr. Henry at the time of the contempt hearing, she did have the ability to pay the full debt over time. In light of this evidence in the record, the trial court did not abuse its discretion in determining that Ms. Henry failed to carry her burden to establish the inability to pay. As a result, we cannot conclude that the trial court abused its discretion in entering a contempt finding against Ms. Henry.

{¶15} Although Ms. Henry's assignment of error also challenges the trial court's decision to order that she pay Mr. Henry's attorney fees, she has failed to develop her argument on this point within the text of her brief. As a result, we reject her challenge to the attorney fee award. *See Cardone v. Cardone*, 9th Dist. Lorain No. 18349, 1998 WL 224934, * 8 (May 6, 1998).

{¶16} Ms. Henry's second assignment of error is overruled.

### Assignment of Error III

**The trial court erred in holding Ms. Henry in contempt for failing to pay Mr. Henry a lump sum judgment, not considered spousal support, in violation of Section 15, Article I of the Ohio Constitution.**

{¶17} In her third assignment of error, Ms. Henry argues that the trial court erred by finding her in contempt for failing to make a lump sum $20,000 payment that she owed to Mr. Henry pursuant to the judgment entry. Specifically, Ms. Henry contends that the money she owed to her former husband pursuant to the judgment entry was a "debt" under Section 15, Article 1 of the Ohio Constitution, which provides that "[n]o person shall be imprisoned for debt

in any civil action, on mesne or final process, unless in cases of fraud." Thus, Ms. Henry's position is that the trial court's contempt order violated Section 15, Article I of the Ohio Constitution. However, Ms. Henry failed to properly preserve this issue for appellate review.

{¶18} Civ.R. 53(D)(3)(b)(ii) states that "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." Based on this requirement, we have previously determined that an appellant forfeits appellate review of any issues not stated in his or her objections to the magistrate's decision. *See Adams v. Adams,* 9th Dist. Wayne No. 13CA0022, 2014–Ohio–1327, ¶ 6 ("This Court has held that when a party fails to properly object to a magistrate's decision in accordance with Civ. R. 53(D)(3), the party has forfeited the right to assign those issues as error on appeal."); *John Soliday Fin. Group, L.L.C. v. Robart,* 9th Dist. Summit No. 24407, 2009–Ohio–2459, ¶ 15 ("Because [appellant] did not specifically object to the findings in the magistrate's decision set forth in the first nine assignments of error, those claims have been forfeited and may not be raised on appeal."). Here, Ms. Henry did not raise the constitutionality of the contempt order in her objections to the magistrate's decision. Therefore, she failed to preserve this issue for appellate review and we decline to address it. *Bass-Fineberg Leasing, Inc. v. Modern Auto Sales, Inc.*, 9th Dist. Medina No. 13CA0098-M, 2015-Ohio-46, ¶ 24.

{¶19} Ms. Henry's third assignment of error is overruled.

**Assignment of Error IV**

**The trial court erred in deciding the contempt motion when Ms. Henry's previously filed motion for relief from judgment was pending.**

{¶20} In her fourth assignment of error, Ms. Henry argues that the trial court erred by ruling on Mr. Henry's contempt motion while her previously filed Civ.R. 60(B) motion for relief from judgment was still pending. We disagree.

**{¶21}** In support of her argument, Ms. Henry cites to Civ.R. 62(A), which states in part:

> In its discretion and on such conditions for the security of the adverse party as are proper, the court *may* stay the execution of any judgment or stay any proceedings to enforce judgment pending the disposition of a motion for a new trial, or a motion for relief from a judgment or order made pursuant to Rule 60[.]

(Emphasis added.) Without citing to any other authority, Ms. Henry asserts that "[d]ue process and fairness obligated the [trial court] to first consider the issues raised in [her] motion for relief before determining the subsequent contempt action."

**{¶22}** However, a Civ.R. 60(B) motion to vacate lies only from a "final judgment, order, or proceeding[.]" Where the underlying order is not itself a final judgment, Civ.R. 60(B) is not a proper procedural mechanism for relief and it cannot be used to convert an otherwise non-final judgment into a final appealable order. *Kalapodis v. Hall,* 9th Dist. Summit No. 22386, 2005–Ohio–2567, ¶ 10. "'An order is a final appealable order if it affects a substantial right and in effect determines the action and prevents a judgment.'" *Price v. Klapp,* 9th Dist. Summit No. 27343, 2014–Ohio–5644, ¶ 6, quoting, *Yonkings v. Wilkinson,* 86 Ohio St.3d 225, 229 (1999); *see also* R.C. 2505.02(B)(1).

**{¶23}** As noted above, neither the March 1, 2013 journal entry, nor the March 11, 2013 entry ordering spousal support constitutes a final appealable order. Provided that the March 1, 2013 entry was not final, Ms. Henry's motion for relief from judgment was not a proper Civ.R. 60(B) motion and the trial court properly denied it.

**{¶24}** Ms. Henry's fourth assignment of error is overruled.

III.

**{¶25}** Ms. Henry's four assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

——

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

WHITMORE, P. J.
CONCURS.

MOORE, J.
CONCURRING IN JUDGMENT ONLY.

{¶26} I concur in the majority's judgment.

{¶27} Mr. Henry moved for contempt based upon an alleged violation of paragraph three of the March 1, 2013 entry. The trial court found Ms. Henry in contempt for failing to pay Mr. Henry money owed to him pursuant to that entry.

{¶28} The provision of the entry at issue states that, "[u]pon the closing of the sale of the former marital residence * * * [Ms. Henry] shall pay to [Mr. Henry] as and for property settlement the sum of Twenty Thousand Dollars ($20,000) regardless of the amount of net proceeds received by [Ms. Henry]." There is no dispute that after the closing of the sale of the marital home, Ms. Henry paid Mr. Henry only $2,000. Under the plain language of the March 1, 2013 entry, Ms. Henry was required to pay Mr. Henry $20,000. The language at issue from the March 1, 2013 entry is clear and unambiguous and thus could be subject to a finding of contempt. *See Zemla v. Zemla,* 9th Dist. Wayne No. 11CA0010, 2012-Ohio-2829, ¶ 17.

{¶29} Ms. Henry's argument is that the March 1, 2013 entry was not an order of the court and that the language of the March 1, 2013 entry is contradicted by language in the March 11, 2013 magistrate's decision that was adopted by the trial court, which she views as the divorce decree. Based upon the record, there is no basis upon which to conclude that the March 1, 2013 entry was not an order of the court. With respect to the latter argument, that is also without merit. Given that the March 1, 2013 entry was not a final order, the entry was subject to revision. *See Simkanin v. Simkanin,* 9th Dist. Summit No. 22719, 2006-Ohio-762, ¶ 7. However, in reviewing the March 11, 2013 entries of the trial court and the magistrate, there is nothing that suggests that either the magistrate or the trial court intended to alter any of the conclusions made in the March 1, 2013 entry. Instead, it is clear that the March 11, 2013 entries were issued to address the previously unresolved issue of spousal support. The only conclusion of law made by the magistrate in the March 11, 2013 entry dealt with spousal support and the only independent judgment made by the trial court in the March 11, 2011 entry also related solely to spousal support and did not mention the property settlement. Thus, the March 11, 2013 entry was not the final divorce decree either; notably it does not even purport to grant a divorce. Accordingly, Ms.

Henry's argument that the language from the March 11, 2013 magistrate's decision should be controlling with respect to whether she should have been found in contempt is without merit. As a result, I agree that Ms. Henry's first assignment of error is properly overruled.

{¶30} Ms. Henry maintains in her second assignment of error that the trial court's finding of contempt was against the manifest weight of the evidence because she did not have the ability to pay the money. Because the inability to pay is a defense to a contempt proceeding, the burden of proving it falls to Ms. Henry. *See State ex rel. Cook v. Cook,* 66 Ohio St. 566 (1902), syllabus; *see also Liming v. Damos,* 133 Ohio St.3d 509, 2012-Ohio-4783, ¶ 20. After reviewing the record, I agree that the trial court's conclusion that it was possible for Ms. Henry to comply with the March 1, 2103 entry was not against the manifest weight of the evidence.

{¶31} With respect to Ms. Henry's third assignment of error, asserting the finding of contempt violated the Ohio Constitution, I agree that she forfeited this argument for purposes of appeal by failing to object to the magistrate's decision on that basis. Civ.R. 53(D)(3)(b)(iv). Further, as she has not developed a plain error argument, I would overrule her assignment of error on that basis. *See Akron Children's Hosp. v. Paluch,* 9th Dist. Summit No. 27557, 2015-Ohio-2375, ¶ 6.

{¶32} With respect to Ms. Henry's fourth assignment of error, I agree that it is also properly overruled. Ms. Henry's contention was that the trial court should have sua sponte stayed the contempt proceedings while her "Civ.R. 60(B)" motion was pending pursuant to Civ.R. 62(A). She appears to argue that a favorable ruling on her "Civ.R. 60(B)" motion would have altered the course or necessity of the contempt proceedings. Given that the March 1, 2013 order was not final, Ms. Henry's "Civ.R. 60(B)" motion was not actually a proper Civ.R. 60(B) motion. *See* Civ.R. 60(B) (describing the motion as one seeking relief from a "final judgment").

Thus, it is not clear that Civ.R. 62(A) would even be applicable to her situation. Further, the trial court ultimately denied her motion for "Civ.R. 60(B)" relief and Ms. Henry has not explained how she has been prejudiced by the failure of the trial court to stay the contempt proceedings in light of her argument. *See* Civ.R. 61.

{¶33} Therefore, I concur in the judgment of the majority.

APPEARANCES:

JOSEPH A. KACYON, Attorney at Law, for Appellant.

DAVID H. FERGUSON and LYNNE M. EARHART, Attorneys at Law, for Appellee.