[Cite as *Trombley v. Trombley*, 2018-Ohio-1880.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| MELISSA TROMBLEY | C.A. No. 17CA0012-M |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| WALTER P. TROMBLEY | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellee | CASE No. 06DR0471 |

DECISION AND JOURNAL ENTRY

Dated: May 14, 2018

SCHAFER, Presiding Judge.

{¶1} Plaintiff-Appellant, Melissa Trombley ("Mother") appeals the judgment of the Medina County Court of Common Pleas Domestic Relations Division modifying the child support obligation of Defendant-Appellee, Walter Trombley ("Father"). For the reasons that follow, we affirm.

I.

{¶2} Mother and Father married in 1997 and divorced in 2007. There were two children born of the marriage, A.T. and G.T. According to their separation agreement, which was ultimately made a part of the divorce decree, the parties agreed that Father would pay Mother $3,000.00 in child support. The parties agreed to deviation from the Ohio child support guidelines "due to the financial needs of the children and the distance between the parties." At the time, Father was living in England and Mother was living in Medina, Ohio. Father's annual

income at that time was $170,000.00 and Mother's sole annual income was $12,000.00 in spousal support.

{¶3} On September 1, 2015, Father filed a "Five Branch Motion" requesting, inter alia, that (1) the domestic relations court modify the current child support order due to a change in circumstances; and (2) the domestic relations court modify the health insurance provision and the uncovered medical costs provision of the parties' legal separation incorporated into the divorce decree. Following a hearing, a magistrate found that a substantial change in circumstances existed warranting a modification of child support. Nonetheless, the magistrate found a number of factors justified an upward deviation from the amount calculated on the statutory child support worksheet. Ultimately, the magistrate determined that Father's child support obligation should be $2,400.00 per month.

{¶4} The magistrate also determined that it was in A.T. and G.T.'s best interest to modify the allocation of unreimbursed medical expenses so that Father was responsible for 100% of the first $267.00 per year in reasonable and ordinary uninsured and unreimbursed medical, dental, optical, and prescription drug expenses for A.T. and G.T. After Father paid the first $267.00, Mother and Father would share the cost of any reasonable and ordinary uninsured and unreimbursed medical, dental, optical, and prescription drug expenses, with Mother paying 20% and Father paying 80%.

{¶5} After an independent review and analysis, the domestic relations court adopted the magistrate's decision that same day. Mother filed timely objections. However, the domestic relations court subsequently overruled those objections.

{¶6}     Mother filed this timely appeal, raising four assignments of error for our review. For the ease of analysis, we elect to consider Mother's second and third assignments of error together.

II.

**Assignment of Error I**

**The trial court erred in its recalculation of child support when it averaged Mother's last three years of income but declined to average the father's last three years of income and adjusted the Father's income by deducting for local taxes when he paid no local taxes.**

{¶7}     In her first assignment of error, Mother contends that the trial court erred when it calculated Father's income using only Father's most recent year's income but calculated Mother's income by averaging the last three years of her income. Mother further contends that the trial court erred by deducting local income taxes from Father's income even though Father does not pay local income taxes.

{¶8}     In this case, Father filed a motion to modify child support on the basis that a change in circumstances had occurred. Pursuant to R.C. 3119.79, a prior child support obligation may not be modified absent a showing of a substantial change in circumstances. If an obligor requests such a modification, "the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet through the line establishing the actual annual obligation." R.C. 3119.79(A). When calculating the amount of child support required to be paid under a court child support order, a trial court may, when appropriate, calculate gross income by averaging a party's income over a reasonable period of years. R.C. 3119.05(H).

{¶9}     In determining the parties' current income in this case, the magistrate found that Father's "current base pay plus his most recent bonus is the most accurate measure of his

income." The magistrate declined to use a three-year average salary calculation because in the preceding two years, Father "received a severance package * * *, earned a higher rate of pay * * *, and subsequently received signing and relocation bonuses form his current employer." On the contrary, the magistrate found that "[g]iven the variation in [Mother's] annual net income" it was "appropriate to take a three-year average of her gross income and business expenses." The trial court adopted the magistrate's findings in a journal entry filed that same day. Thereafter, Mother filed an objection to the magistrate's decision.

{¶10} However, a review of the record shows that Mother did not object to the manner in which the magistrate calculated either Father's or Mother's income. Pursuant to Civ.R. 53(D)(3)(b)(ii), "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." This Court has previously determined that an appellant forfeits appellate review of any issues not stated in her objections to the magistrate's decision. *See Adams v. Adams*, 9th Dist. Wayne No. 13CA0022, 2014-Ohio-1327, ¶ 6 ("This Court has held that when a party fails to properly object to a magistrate's decision in accordance with Civ. R. 53(D)(3), the party has forfeited the right to assign those issues as error on appeal."); *John Soliday Fin. Group, L.L.C. v. Robart*, 9th Dist. Summit No. 24407, 2009-Ohio-2459, ¶ 15 ("Because [appellant] did not specifically object to the findings in the magistrate's decision set forth in the * * * assignments of error, those claims have been forfeited and may not be raised on appeal."). "While a [party] who forfeits such an argument still may argue plain error on appeal, this [C]ourt will not sua sponte undertake a plain-error analysis if the [party] fails to do so." (Alterations sic.) *Bass-Fineberg Leasing, Inc. v. Modern Auto Sales, Inc.*, 9th Dist. Medina No. 13CA0098-M, 2015-Ohio-46, ¶ 24. As Mother did not specifically object to the manner in which the magistrate calculated Mother and Father's

income and has not argued plain error, she has failed to preserve the issue for appellate review and we decline to address it. *See Henry v. Henry*, 9th Dist. Summit No. 27696, 2015-Ohio-4350, ¶ 18.

{¶11} Therefore, Mother's first assignment of error is overruled.

### Assignment of Error II

**The father did not prove a substantial change of circumstances beyond the statutory ten percent deviation justifying a modification of child support. The trial court abused its discretion in modifying the child support when the modification was not in the best interest of the children.**

### Assignment of Error III

**The trial court's decision to modify child support by twenty percent is erroneous, not supported by credible evidence, and is arbitrary.**

{¶12} In her second assignment of error, Mother contends that the trial court abused its discretion in modifying child support since Father did not prove a substantial change of circumstances beyond the statutory ten percent justifying modification. Mother further argues that the modification was not in the best interests of A.T. and G.T. In her second assignment of error, Mother contends that the domestic relations court decision to modify Father's child support obligation by 20% was arbitrary and not supported by credible evidence.

{¶13} "This Court generally reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *Sifferlin v. Sifferlin*, 9th Dist. Summit No. 27169, 2014-Ohio-5645, ¶ 8. "'In so doing, we consider the trial court's action with reference to the nature of the underlying matter.'" *Id.* quoting *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18. The propriety of a trial court's determination regarding child support is reviewed for an abuse of discretion. *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary, or unconscionable."

*Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Moreover, when applying an abuse of discretion standard, this Court may not substitute its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

## A. Substantial Change in Circumstances

{¶14} Father argued in his motion and at the hearing that a modification of the child support order was warranted due to a substantial change in circumstances. Pursuant to R.C. 3119.79,

> (A) If an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet through the line establishing the actual annual obligation. If that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstances substantial enough to require a modification of the child support amount.
>
> * * *
>
> (C) If the court determines that the amount of child support required to be paid under the child support order should be changed due to a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order or the last modification of the child support order, the court shall modify the amount of child support required to be paid under the child support order to comply with the schedule and applicable worksheet through the line establishing the actual annual obligation, unless the court determines that the amount calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet would be unjust or inappropriate and would not be in the best interest of the child and enters in the journal the figure, determination, and findings specified in [R.C. 3119.22].

Additionally, this Court has held "in a case where the parties have previously agreed to a deviation in the amount of child support, the moving party must prove more than the existence of a ten percent deviation to demonstrate the required substantial change of circumstances."

*Sifferlin*, 2014-Ohio-5645, at ¶ 14, citing *Adams v. Adams*, 3d Dist. Union No. 14-12-03, 2012-Ohio-5131, ¶ 30. In such a case, the moving party must also "prove that [the] change of circumstance was not contemplated by the parties when they agreed to the prior deviation." *Id.*

**{¶15}** In this case, the magistrate found that a substantial change in circumstances had occurred since the prior child support litigation that was not contemplated at that time. In overruling Mother's objection to the magistrate decision, the domestic relations court independently reviewed the record and determined that a substantial change in circumstances had occurred. In making this determination, the domestic relations court made the following findings. First, the court recognized that the then existing child support order was ten years old and dated back to the parties' 2006 legal separation. At the time, the parties agreed to deviate Father's child support obligation upward to $3,000.00 from the $1,830.92 calculated by the child support statutory guidelines. The court recognized that one of the primary reasons for the upward deviation was that Father's annual gross income was $170,000.00 compared to Mother's annual gross income of $0.00. The court also recognized that when child support was last litigated in this matter in 2010, the court had found that no substantial change in circumstances had occurred and that a substantial disparity in income still existed.

**{¶16}** The domestic relations court then determined, based on the evidence presented at the hearing, that although Father's annual gross income had not substantially changed, Mother's had substantially increased since the original 2006 child support order. According to the new child support statutory guidelines worksheet, Father's child support obligation would be calculated at $1,810.78, equating to a 40% difference from the existing child support order. Mother does not dispute that pursuant to R.C. 3119.79(A), this calculation is considered as a

change in circumstances substantial enough to require a modification of the child support amount.

{¶17} However, recognizing that the parties had previously agreed to a child support deviation, the domestic relations court further determined that Father had proved a substantial change in circumstances beyond the 10% required by statute. *See Sifferlin*, 2014-Ohio-5645 at ¶ 14, citing *Adams*, 2012-Ohio-5131 at ¶ 30. In making this determination, the court recognized that although Father's financial circumstances had not substantially changed, his personal circumstances had. Specifically, Father had remarried and has two additional children. As a result, Father would no longer receive the benefit of claiming the dependent tax exemption for the children. Additionally, although Mother's personal circumstances had not substantially changed, her annual income had increased 650% over the previous six years. A review of the record shows that the domestic relations court's findings are based on competent credible evidence.

{¶18} Accordingly, we cannot say that the court abused its discretion when it determined that Father had proved that a substantial change in circumstances had occurred beyond the 10% required by statute and not contemplated by the parties at the time they agreed to the prior deviation.

**B. Best Interests of A.T. and G.T.**

{¶19} Mother also contends that the domestic relations court erred by decreasing the previously agreed upon upward deviation. Pursuant to R.C. 3119.03, the presumption that that the child support calculated pursuant to the basic child support schedule and applicable worksheet is rebuttable. By statute, if the actual annual obligation "would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child

because of the extraordinary circumstance of the parents or because of any other factors or criteria set forth in [R.C. 3119.23], the court may deviate from that amount." R.C. 3119.24(A). A court may consider any of the following factors in determining whether to grant a deviation pursuant to R.C. 3119.23:

(A) Special and unusual needs of the children;

(B) Extraordinary obligations for minor children or obligations for handicapped children who are not stepchildren and who are not offspring from the marriage or relationship that is the basis of the immediate child support determination;

(C) Other court-ordered payments;

(D) Extended parenting time or extraordinary costs associated with parenting time, provided that this division does not authorize and shall not be construed as authorizing any deviation from the schedule and the applicable worksheet, through the line establishing the actual annual obligation, or any escrowing, impoundment, or withholding of child support because of a denial of or interference with a right of parenting time granted by court order;

(E) The obligor obtaining additional employment after a child support order is issued in order to support a second family;

(F) The financial resources and the earning ability of the child;

(G) Disparity in income between parties or households;

(H) Benefits that either parent receives from remarriage or sharing living expenses with another person;

(I) The amount of federal, state, and local taxes actually paid or estimated to be paid by a parent or both of the parents;

(J) Significant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, schooling, or clothing;

(K) The relative financial resources, other assets and resources, and needs of each parent;

(L) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married;

(M) The physical and emotional condition and needs of the child;

(N) The need and capacity of the child for an education and the educational opportunities that would have been available to the child had the circumstances requiring a court order for support not arisen;

(O) The responsibility of each parent for the support of others;

(P) Any other relevant factor.

{¶20} Based on the finding of a substantial change in circumstances, the magistrate recalculated Father's child support obligation to be $1,810.78 per month, plus a 2% processing fee. *See* R.C. 3119.04(B). However, pursuant to R.C. 3119.22 and 3119.23, the magistrate deviated Father's monthly child support obligation upward to $2,400.00. Specifically, the magistrate determined that R.C. 3119.23 subsections (G), (H), (K), (L), and (N) continued to justify an upward deviation. However, the magistrate also determined that the extent of the upward deviation was mitigated by subsection (O) and that subsections (G) and (K) no longer justified as great an upward deviation as they did previously. This deviation resulted in a 32% increase over the new child support statutory guidelines, but a 20% decrease from the previous child support order.

{¶21} Although Mother objected, the domestic relations court reviewed the record and determined, that the magistrate's decision was supported by "sufficient, competent, and credible evidence" and that the magistrate did not err by modifying Father's child support obligation and deviating upward from the statutory guidelines worksheet.

{¶22} On appeal, Mother contends that the trial court erred in reducing Father's child support obligation because (1) there was a "huge disparity in income" between Mother and Father; (2) Father's wife was voluntarily unemployed; (3) specifically referencing subsection (I), Father pays no local taxes but Mother does; (4) specifically referencing subsection (J), Mother

pays the "lion share" of A.T. and G.T.'s necessities; (5) specifically referencing subsection (O) Father has the ability to support two additional children and continue to pay the previously agreed upon upward deviation; (6) the court erroneously found the Mother earns twenty percent of the parties' combined income; and (7) Father chose to remarry, chose to have two additional children, and chose to take a job making less money.

{¶23} Although a review of the record shows that Mother's contentions with regard to Father's non-payment of local taxes and the finding that Mother earns twenty percent of the parties' combined income are correct, that same review shows that Mother failed to object to the magistrate's decision regarding those factual findings. *See* Civ.R. 53(D)(3)(b)(ii) ("[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection.") Additionally, Mother did not raise the magistrate's failure to consider Mother's payment of the "lion share" of A.T. and G.T.'s necessities in reference to R.C. 3119.23(J) in her objection to the magistrate's decision. *See Id.* Therefore, as Mother does not argue plain error and did not specifically object to those findings, or lack thereof, she has failed to preserve those issue for appellate review and we decline to address them. *See Henry*, 2015-Ohio-4350 at ¶ 18; *Adams*, 2014-Ohio-1327, at ¶ 6.

{¶24} Mother also contends that the "huge disparity in income" and Father's wife's voluntary unemployment continue to justify an upward deviation. Both the magistrate and the domestic relations court agreed, determining that R.C. 3119.23(G), (K), and (L) continued to justify an upward deviation based on the following factual findings. The magistrate specifically recognized that Father continued to make substantially more than Mother's household. Additionally, since the divorce, Father has managed to save a substantial amount of money in investment accounts, build a new six-bedroom home, pay off the purchase of a luxury vehicle,

and purchase a brand new minivan for his wife. Father completely supports his wife, who was not employed outside the home by choice. The magistrate also found that Mother must work outside the home in order to pay her mortgage and other household expenses, has a nominal amount of money saved in college funds for her children, and leases a 2014 Subaru Forrester. The magistrate further found that there is a large disparity in income between the households and that A.T. and G.T. are accustomed to a greater standard of living at Father's house than Mother can afford on her own income.

{¶25} The magistrate also found that R.C. 3119.23(N) continued to weigh in favor of an upward deviation. In so finding, the magistrate specifically recognized that Mother testified that A.T. and G.T.'s expenses had increased as they aged. The children are involved in several activities, such as track, rugby, choir, horseback riding, and band. These activities involve expenses such as pay-to-play fees, cleats, shoes, miscellaneous sports equipment, and music lessons. The magistrate concluded that the opportunity to participate in these activities would have been available to A.T. and G.T. if the marriage had continued and that they should continue to be available given the parties' current incomes.

{¶26} Nonetheless, the magistrate did find that the extent of the upward deviation was mitigated by R.C. 3119.23 (O) since Father now solely supports two additional minor children. Although Mother seems to place great weight on the fact that Father "chose" to remarry and have two additional children, the statute specifically allows the magistrate and court to consider "[t]he responsibility of each parent for the support of others."

{¶27} The magistrate and court also determined that R.C. 3119.23 (G) and (K) no longer justify as great of an upward deviation as they did at the time of the previous hearing on the modification of child support and that while the children's financial needs persisted, the

allocation of those needs should shift slightly to accurately reflect the available income in each household. Indeed, a review of the record shows that at the time of the parties' separation and divorce, Mother earned 0% of the parties' combined income, however, pursuant to the current child support statutory guidelines worksheet, Mother now earns 18.13% of the parties' combined income.

{¶28} Therefore, we cannot say that the domestic relations court abused its discretion when it upwardly deviated Father's child support obligation from $1,810.78 per month to $2,400.00, resulting in a 32% increase over the new child support statutory guidelines, but a 20% decrease from the previous child support order.

{¶29} Accordingly, Mother's second and third assignments of error are overruled.

### Assignment of Error IV

**The trial court's modification of the allocation of unreimbursed health care expenses is arbitrary, against the manifest weight of the evidence, and an abuse of discretion.**

{¶30} In her fourth assignment of error, Mother contends that the domestic relations court's modification of the allocation of unreimbursed health expenses was arbitrary, against the manifest weight of the evidence, and an abuse of discretion. We disagree.

{¶31} Pursuant to R.C. 3119.32(D), a child support order shall contain "[a] requirement that the obligor, the obligee, or both of them under a formula established by the court, with respect to a court child support order, * * * pay co-payment or deductible costs required under private health insurance policy, contract, or plan that covers the children." The propriety of a trial court's determination regarding child support is reviewed for an abuse of discretion. *Booth*, 44 Ohio St.3d at 144. Additionally, "[t]his Court generally reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *Sifferlin*, 2014-Ohio-5645 at ¶ 8.

"'In so doing, we consider the trial court's action with reference to the nature of the underlying matter.'" *Id.* quoting *Tabatabai*, 2009-Ohio-3139 at ¶ 18. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore*, 5 Ohio St.3d at 219. Moreover, when applying an abuse of discretion standard, this Court may not substitute its own judgment for that of the trial court. *Pons*, 66 Ohio St.3d at 621.

{¶32} The magistrate determined that the modification of child support also warranted a modification in the allocation of unreimbursed medical expenses since "[t]ypically, the unreimbursed medical expenses are allocated proportionally to each party's share of their combined income." The magistrate noted, however, that Father's employer provides each employee with a health care savings account and contributes the first $800.00 to the account. The magistrate found that the health care savings account was used to pay for medical expenses incurred by six people: Father, Father's wife, A.T., G.T., and Father's two children from his current marriage. Accordingly, the magistrate determined that Father would be 100% responsible for the first $267 (approximately 1/3 of the $800.00) of the unreimbursed medical, dental, optical, and prescription drug expenses per calendar year attributable to the two minor children from his first marriage. Additionally, the parties would share the cost of any reasonable and ordinary uninsured and unreimbursed medical, dental, optical, and prescription drug expenses for the minor children from the marriage at issue in this case, with Mother paying 20% and Father paying 80%.

{¶33} Although Mother objected, the domestic relations court determined that there was a "direct nexus between the modification of child support and the reallocation of unreimbursed medical expenses – i.e., 20% reduction to Father across the board". Thus, the court found that Mother's objection was predicated entirely upon her objection relating to child support. Since

the court overruled her objection relating to child support, the court found that the magistrate did not err by reallocating the unreimbursed medical expenses. The court also stated that the magistrate correctly noted that "while the children's needs persist, the allocation of those needs should shift slightly to accurately reflect the available income in each household."

{¶34} On appeal, Mother contends that the court's findings are not supported by competent credible evidence and that the trial court arbitrarily chose the amount of $267.00. However, a review of the record contradicts Mother's contentions. Father testified that his employer contributes the first $800 to his health savings account and that his employer provided health insurance covers six people, including A.T. and G.T. Accordingly, A.T. and G.T. account for 1/3 of the people covered by Father's health savings account. $267.00 is approximately 1/3 of $800. Additionally, a review of the statutory child support worksheet shows that Mother earns 18.13% of Mother and Father's combined income and that Mother did not object when the magistrate rounded Mother's percentage of the parties' combined income to 20%.

{¶35} Therefore we cannot say that the domestic relations court abused its discretion by determining that Father was responsible for the first $267.00 of A.T. and G.T.'s unreimbursed medical expenses and that Mother and Father would share the remaining unreimbursed medical expenses, with Mother paying 20% and Father 80%. *See J.S. v. T.S.*, 5th Dist. Knox No. 16CA18, 2017-Ohio-1042, ¶ 31 (finding a trial court's division of uninsured health care costs to be reasonable and not an abuse of discretion where the division of the uninsured health care costs were in proportion to the parties' income percentages of their combined income as calculated by the statutory child support computation worksheet).

{¶36} Therefore, Mother's fourth assignment of error is overruled.

III.

**{¶37}** Mother's assignments of error are overruled. Therefore, the judgment of the Medina County Court of Common Pleas Domestic Relations Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

DAVID C. SHELDON, Attorney at Law, for Appellant.

DAVID L. McARTOR, Attorney at Law, for Appellee.