Lira, Appellant, *v.* Lira, Appellee.

(No. 46427—Decided October 31, 1983.)

*Mr. Gary J. Levine,* for appellant Robert Lira, Jr.

*Mr. John F. Seelie,* for appellee Linda V. Lira.

Dahling, J. This is an appeal from a judgment of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division, wherein the court modified the alimony award from $250 per month to $1,000 per month.

The parties were married on May 25, 1969. Plaintiff was employed as a pharmacist and defendant as a teacher. One child was born of the marriage. Plaintiff entered medical school in 1971, graduated, and completed his internship in 1976.

The parties were divorced in April 1979. Plaintiff's income in 1978 was about $15,000. The court ordered $50 per week child support and $250 per month alimony.

Plaintiff's income in 1979 was $51,633; in 1980, it was $48,909; in 1981, it was $75,180. In 1982, it was projected at $90,000 to $100,000.

Both parties are living in Texas. The court in Texas increased the support from $50 per week to $825 per month.

The assignment of error is as follows:

"I. The trial court erred, and committed an abuse of discretion in its failure to consider the factors as required by Ohio Revised Code Section 3105.18 in its consideration of Appellee's Motion to Modify Alimony."

In the divorce decree, the trial court expressly reserved jurisdiction over the parties. The court stated in this regard:

"5. Plaintiff to pay to the defendant as and for alimony the sum of $250.00 per month until further order of Court. The court's being aware that the plaintiff's income will increase greatly over the working life of the plaintiff and should be reviewed periodically by this Court. — This alimony is to terminate upon the death or remarriage of the defendant."

The court considered that plaintiff's income would likely increase and the alimony could then be modified. This is precisely what has occurred. Plaintiff's income in 1982 was projected at $90,000 to $100,000, whereas at the time of the divorce it was about $15,000.

The increase in alimony from $250 per month to $1,000 per month seems fair considering plaintiff's present income.

Plaintiff argues that defendant is still teaching school and had the substantial support increase. Based on this, plaintiff concludes that the court abused its discretion in increasing the alimony.

In *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, the court reaffirmed the proposition that an appeals court should not substitute its judgment for that of the trial court. Where the judgment of the trial court is not unreasonable, arbitrary, or unconscionable, it should not be disturbed.

In *Blakemore, supra,* the court stated

that if the circumstances changed, then the parties could return to the domestic relations court for a new order. Of course, the parties in the instant case can do likewise. If plaintiff's income drops or if there is a substantial change in any of the factors under R.C. 3105.18(B), then either party can return to court.

The assignment of error does not have merit.

Judgment affirmed.

*Judgment affirmed.*

STILLMAN and GREY, JJ., concur.

STILLMAN, J., retired, of the Eighth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.

GREY, J., of the Fourth Appellate District, sitting by assignment in the Eighth Appellate District.