GEBHART, APPELLEE, *v.* GEBHART, APPELLANT.

(No. 8151—Decided January 9, 1984.)

*Mr. Paul J. Winterhalter,* for appellee.

*Mr. David M. Rickert,* for appellant.

WEBER, J. This appeal results from a judgment of the Montgomery County Court of Common Pleas, Division of Domestic Relations, wherein a divorce and alimony award was granted. The defendant-appellant, Martha Ann Gebhart, has appealed the alimony award to this court, asserting as her sole assignment of error:

"The trial court abused its discretion in awarding approximately $22,000.00 in alimony to the wife while implicitly awarding to the husband an asset worth over $1,000,000.00."

Appellant and appellee were married June 21, 1975. At the time of their marriage, appellee was completing his thesis for his master's degree in chemistry and appellant had recently received her bachelor's degree in social work. From 1975 until 1979, appellee attended medical school full-time at the Chicago School of Osteopathic Medicine. During this period, appellant was employed at Northwestern University where she earned $7,500 gross for eleven months' work and then at the Chicago Osteopathic Hospital where she earned approximately $9,000 per year. In March or April 1979, appellant ceased working and the parties left Chicago upon appellee's graduation from medical school. In 1979, appellee interned at Grandview Hospital in Montgomery County, Ohio; one year later he began his present residency at Grandview Hospital. Appellant did not work outside the home again until January 1981 when she became employed at Grandview Hospital as a psychiatric and medical social worker earning approximately $17,500 per year. In May 1982, appellant left her position at Grandview and moved to Cleveland to pursue her master's degree at Case Western Reserve University.

Prior to the parties' marriage, appellee had $9,000 which he brought into the marriage and appellant contributed $2,000. While appellee was attending medical school, appellee's parents and

grandparents gave the couple approximately $7,757 and appellant's parents furnished $4,000 for a down payment on a home as well as $5,600 to use for appellee's schooling. These gifts of cash from the parties' parents and appellee's grandparents were used for appellee's education and for the living expenses of the parties.

During their seven-year marriage, appellant and appellee acquired a home, various household furnishings and several automobiles. The parties have, by agreement, divided these assets. The only issue remaining before the court is whether the trial court abused its discretion in granting appellant a lump sum alimony award of approximately $16,000 in addition to periodic payments for appellant's support. Appellant submits that such an alimony award is inequitable in light of the trial court's finding that appellee's medical degree, earned while the parties were married, is worth approximately $1,067,960 in 1982.

R.C. 3105.18 provides in pertinent part:

"(A) In a divorce, dissolution of marriage, or alimony proceedings, the court of common pleas may allow alimony as it deems reasonable to either party.

"The alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court deems equitable.

"(B) In determining whether alimony is necessary, and in determining the nature, amount, and manner of payment of alimony, the court shall consider all relevant factors, including:

"(1) The relative earning abilities of the parties;

"(2) The ages, and the physical and emotional conditions of the parties;

"(3) The retirement benefits of the parties;

"(4) The expectancies and inheritances of the parties;

"(5) The duration of the marriage;

"(6) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;

"(7) The standard of living of the parties established during the marriage;

"(8) The relative extent of education of the parties;

"(9) The relative assets and liabilities of the parties;

"(10) The property brought to the marriage by either party;

"(11) The contribution of a spouse as homemaker.

"'* * *'"

It is well-settled that an award of alimony is within the sound discretion of the trial court and that, absent an abuse of discretion, a reviewing court may not reverse. *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399 [75 O.O.2d 474].

The issue before us on appeal is whether appellee's medical degree is an asset subject to precise division upon divorce or whether it is an element to be considered in the award of alimony pursuant to R.C. 3105.18. In *Lira* v. *Lira* (1980), 68 Ohio App. 2d 164 [22 O.O.3d 231], the Court of Appeals of Cuyahoga County determined that a medical degree, although an asset, is not subject to precise division or transfer upon divorce. Instead, the degree should be considered an element in reaching an equitable award of alimony pursuant to R.C. 3105.18. We agree. The fact that appellee obtained a medical degree during the marriage should be considered when applying R.C. 3105.18 to insure an equitable alimony award. However, the "value" of a medical degree is not divisible between two parties upon any exact basis.

The witness who testified that the present value of the medical degree of appellee was $1,067,960 based his opinion upon his evaluation of the appellee's ability as a Doctor of Osteopathy to have excessive future earnings because he

would be functioning as a doctor rather than as a chemist. The principal element of this determination was the appellee's *ability* to command *future* earnings of a substantial nature.

The trial judge was required by the commands of R.C. 3105.18 to consider not only his ability to earn, R.C. 3105.18(B)(1), but also the other considerations set forth in R.C. 3105.18 (B)(2) to (11), particularly the ages, physical and emotional conditions of the parties, the duration of this marriage, the standard of living of the parties established *during* the marriage, the contribution of a spouse as homemaker, and the property brought to the marriage by either party.

The abilities of the appellee were brought into the marriage by him. The future earnings as a doctor will be made after the marriage is terminated. While the trial court settled upon the value of $1,067,960, the trial court still had the duty to consider that the principal elements which made up this value would not be related to the marriage before the court but resulted from attributes and actions independent of the marriage. In its decision, the trial court demonstrated it weighed many relevant factors including those specifically enumerated in R.C. 3105.18(B).

For example, the trial court considered that the parties were married for seven years. Appellant worked full-time while appellee attended medical school and appellant deferred her own educational plans during her husband's medical education. The court noted that appellant brought $2,000 into the marriage and appellee contributed $9,000. Both parties' families contributed more than $17,000 to the parties' marital residence and to appellee's medical education. The court considered the parties' standard of living *during the marriage*, and concluded that both parties are in good health and employable.

The total alimony award, part of which was as a result of the parties'

agreement, was granted after examining the worth of appellee's medical degree in light of the other factors of R.C. 3105.18. The trial court was correct in determining that the "value" of appellee's medical degree is not divisible, but must be looked at in light of all the factors of R.C. 3105.18. In addition, we find the amount or type of alimony awarded by the trial court was within its lawful discretion.

Accordingly, appellant's sole assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BROGAN, P.J., and WILSON, J., concur.