[Cite as *Thrush v. Rawling*, 2023-Ohio-282.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

KATHLEEN THRUSH

    Appellee

    v.

KEITH RAWLING

    Appellant

C.A. No.    30170

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR 2019-02-0407

DECISION AND JOURNAL ENTRY

Dated: January 31, 2023

HENSAL, Presiding Judge.

{¶1}    Keith Rawling appeals a judgment of the Summit County Court of Common Pleas, Domestic Relations Division, that overruled his objections to the magistrate's decision and granted Kathleen Thrush's motion for reallocation of parental rights. For the following reasons, this Court affirms, but remands the case so that the trial court can correct its judgment entry nunc pro tunc.

I.

{¶2}    The parties divorced in 2019. They have two girls, who are minors. The divorce decree included a shared parenting plan that named both parents as residential parents and divided the children's time with each parent evenly.

{¶3}    Within a few months of the decree, both parents moved for a reallocation of parental rights and asked to be named the sole residential parent. Following mediation, the parties agreed to modify the shared parenting plan. Under the modification, Mother was named the residential parent for school and medical purposes, Father's parenting time was reduced to every other

weekend and Wednesdays after school when he did not have weekend time, and Father agreed to begin counseling. The parties also agreed that the situation would be revaluated in February 2021 and, if they could not reach an agreement at that time, the matter would be set for a review hearing.

{¶4} In February 2021, Mother moved for a reallocation of parental rights, asking to terminate the shared parenting plan. Father instead requested that the court enforce the terms of the original plan. The matters were heard by a magistrate, who issued a decision that granted Mother's motion, terminated the shared parenting plan, named Mother as the primary residential parent for school and medical purposes, and provided that Father could have the children every other weekend and Wednesday evenings. The trial court subsequently issued a judgment entry that adopted the magistrate's decision. Father objected to the magistrate's decision, but the trial court overruled his objections. Father has appealed, assigning as error that the trial court exercised improper discretion when it granted Mother's motion.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT'S DECISION GRANTING PLAINTIFF-APPELLEE'S MOTION FOR REALLOCATION OF PARENTAL RIGHTS WAS AN ABUSE OF DISCRETION.

{¶5} Father argues that the trial court incorrectly modified the divorce decree when it terminated the shared parenting plan. Although he argues that the applicable Revised Code provision is Section 3109.04(E)(1)(a), that section involves modifications to the allocation of parental rights and responsibilities. The provision that addresses the termination of a shared parenting plan is Section 3109.04(E)(2)(c), which provides that a "court may terminate a prior final shared parenting decree that includes a shared parenting plan * * * upon the request of one or both of the parents or whenever it determines that shared parenting is not in the best interest of

the children." Contrary to Father's assertion, "a trial court is not required to find a change in circumstances, in addition to considering the best interest of the child, before terminating a shared-parenting plan[.]" *Bruns v. Green*, 163 Ohio St.3d 43, 2020-Ohio-4787, ¶ 21. We review the trial court's termination of a shared parenting plan for an abuse of discretion. *Sindelar v. Gall*, 9th Dist. Summit No. 25022, 2010-Ohio-1960, ¶ 8.

{¶6} Much of Father's argument on appeal concerns whether there was a change of circumstances, which is not relevant under Section 3109.04(E)(2)(c). He also argues that the trial court focused too much on the interaction between Mother and Father instead of on the interaction between Father and the children. He notes that the guardian ad litem described his relationship with the children as positive, that the children want to see Father, and that several friends of the family testified about Father's positive interactions with the children. Father further argues that any statements he made before he entered counseling should not have been considered. According to Father, the testimony shows that he has worked consistently with the counselor, met his counseling goals, and has improved his communication with Mother about the children. Father argues that he was justified in being critical about some of Mother's actions and notes that the tone of his messages to her have been appropriate and professional in nature. Mother, on the other hand, has exhibited a lack of communication with Father and has tried to limit his communication with the children, which should have been weighed against her.

{¶7} Mother argues that this Court should not consider Father's arguments because he did not preserve them by raising them in his objections to the magistrate's decision. Civil Rule 53(D)(3)(b)(iv) provides that, "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

{¶8} In his objections to the magistrate's decision, Father argued that the magistrate should not have believed Mother's version of the facts and that he should not be the only one penalized for the fact that Mother and he cannot get along. He also argued that, although the magistrate's directive that only the parent who had the children during an activity could attend the activity might appear fair, in practicality, few of the children's activities occurred during his parenting time. He also argued that he should have the children more during the summer because he is a teacher and is free from work obligations during those months. He further argued that he has been a big part in the children's success in school and has attended activities that Mother chooses not to attend, so the children will suffer because of his reduced parenting time.

{¶9} Upon review of the record, we conclude that Father did not raise the arguments he has made on appeal in his objections to the magistrate's decision. His arguments also do not allege that the trial court made independent errors when it reviewed and adopted the magistrate's decision or when it ruled on his objections. We, therefore, conclude that, under Rule 53(D)(3)(b)(iv), Father has not preserved his arguments. Father's assignment of error is overruled.

{¶10} Although not addressed by the parties on appeal, we note that Section 3109.04(A)(1) provides that, if the court determines that shared parenting is not in the best interest of the children, it shall designate one of the parents "as the residential parent and the legal custodian of the child[ren.]" In this case, the trial court adopted the magistrate's finding that it was "in the children's best interest that Mother be named the residential parent and legal custodian." In the decision part of its judgment entry, however, the court only stated that Mother "shall be the primary residential parent for school purposes and medical purposes." Although we construe the trial court's entry to designate Mother as the children's legal custodian in addition to the residential parent, we remand this matter to the trial court so that it may amend its judgment entry nunc pro

tunc to include that designation specifically, in accordance with Section 3109.04(A)(1). *See Szeliga v. Szeliga*, 2d Dist. Greene No. 2011-CA-65, 2012-Ohio-1973, ¶ 8-9 (construing trial court's order to name Mother as legal custodian because the court's intent was clear even though the order did not specifically name anyone as legal custodian).

### III.

**{¶11}** Father's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed, but this case is remanded so that the trial court may amend its judgment entry nunc pro tunc to designate Mother as the children's legal custodian.

Judgment affirmed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.

APPEARANCES:

SUSAN J. LAX, Attorney at Law, for Appellant.

ADAM R. MORRIS, Attorney at Law, for Appellee.