[Cite as *DiPalma v. Whipple*, 2023-Ohio-1023.]

STATE OF OHIO        )          IN THE COURT OF APPEALS
                    )ss:      NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

| | |
|---|---|
| CATHERINE A. DIPALMA | C.A. No. 30358 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DOUGLAS P. WHIPPLE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. DR 2005-10-3633 |

DECISION AND JOURNAL ENTRY

Dated: March 29, 2023

HENSAL, Presiding Judge.

**{¶1}** Douglas Whipple appeals an order of the Summit County Court of Common Pleas, Domestic Relations Division, that denied his motion to terminate or modify his spousal support obligation. This Court reverses.

I.

**{¶2}** Douglas Whipple ("Husband") and Catherine DiPalma ("Wife") divorced in 2006 after thirty-one years of marriage. The parties reached agreement on all the matters at issue in the divorce, and the terms of their agreement were incorporated into a divorce decree dated November 30, 2006. As part of that agreement, Husband agreed to pay Wife $1,766.00 per month in spousal support until the death of either spouse or an order issued that modified or terminated support. The trial court retained jurisdiction over both the amount and duration of Husband's spousal support obligation. With respect to modification, the agreement provided:

Spousal support may be modified upon a change of circumstances of either party, which shall include, but not be limited to any increase or involuntary decrease in the parties' wages, salary, bonuses, living expenses or medical expenses.

Husband's voluntary retirement at age 65 shall be considered as a change of circumstances for purposes of modification and/or termination of spousal support.

On May 7, 2021, Husband moved to terminate or reduce his spousal support obligation, noting that the divorce decree defined his voluntary retirement as a change in circumstances and that "it [was] [his] intent to specifically wind down his business." Husband also argued that termination of his spousal support obligation was warranted because his income "ha[d] substantially decreased since the time of the divorce[.]"

{¶3} The matter was referred to a magistrate, who conducted a hearing over the course of three days. On March 7, 2022, the magistrate issued a decision that denied Husband's motion, "strongly not[ing] that when [Husband] initially filed his Motion to Terminate Spousal Support, it was not stated when [he] was retiring. [Husband] stated he was winding down his law practice but he is still able to work." The magistrate concluded that because Husband had represented himself in ethics proceedings before the Supreme Court of Ohio after filing his motion to terminate support, he had not retired from the practice of law at the time the motion was filed. The magistrate also observed that Husband did not file an application with the Supreme Court of Ohio to retire or resign from the practice of law until December 21, 2021. The magistrate concluded that because the Supreme Court had not yet ruled on Husband's application, his "exact retirement date" was unknown. Apart from that conclusion, the magistrate also decided that having reviewed the factors set forth in Revised Code Section 3105.18, no substantial change in circumstances had occurred.

{¶4} The trial court entered judgment on the magistrate's decision on the same date, as provided by Civil Rule 53(D)(4)(e)(i). Husband filed timely objections, which he supplemented once the transcript of proceedings had been filed in the trial court. On May 8, 2022, the trial court

overruled Husband's second, third, fourth, fifth, and sixth objections, but concluded that his first objection "is **MOOT** as [Husband] is not retired." (Emphasis in original.)

{¶5} Husband appealed, raising four assignments of error for review.

II.

### ASSIGNMENT OF ERROR I

THE RULINGS OF THE TRIAL COURT THAT [HUSBAND] IS NOT RETIRED FROM THE PRACTICE OF LAW AND THAT THE REDUCTION IN [HUSBAND'S] INCOME WAS VOLUNTARY (OVERRULING [HUSBAND'S] FIRST OBJECTION AS MOOT) CONSTITUTED AN ERROR OF LAW, TO THE PREJUDICE OF [HUSBAND].

{¶6} In his first assignment of error, Husband argues that the trial court erred as a matter of law by interpreting the agreed terms of the parties' divorce decree without concluding that the retirement clause was ambiguous. He also argues that the trial court abused its discretion by concluding that his first objection was moot based on the conclusion that he had not yet retired. This Court agrees in part.

{¶7} Husband's first objection argued that the magistrate erred as a matter *of fact* in determining that he was not retired. The trial court, reviewing Husband's second and third objections first, concluded that he had not demonstrated a change in circumstances that would justify a modification of support. Having overruled the second and third objections, the trial court then turned to his first objection and, in that context, concluded that Husband's first objection was moot based upon the conclusion that he was not retired.

{¶8} Husband characterizes the trial court's conclusion that he was not retired as an error of law grounded in application of the principles of contract interpretation. The trial court did not, however, engage in any analysis of the terms of the parties' agreement in the course of considering his first objection. To the extent that his first assignment of error argues that the trial court made

independent errors on that basis when it ruled on his first objection, *see Thrush v. Rawling*, 9th Dist. Summit No. 30170, 2023-Ohio-282, ¶ 9, the trial court's decision does not support that conclusion. In addition, Husband's first objection to the magistrate's decision argued only that the magistrate erred as a matter of fact. Because Husband did not raise a legal argument in his objections, it has not been preserved for appeal. *See* Civ.R. 53(D)(3)(b)(iv); *Thrush* at ¶ 9.

{¶9} The substance of Husband's first assignment of error, however, also addresses the argument made in his first objection to the magistrate's decision: that the magistrate erred by concluding that he was not "retired." In this respect, it appears that although the trial court stated that Husband's first objection was moot, the substance of the trial court's decision overruled that objection based on the conclusion that Husband was not retired. This Court agrees that the trial court erred in this regard.

{¶10} This Court generally reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion. *Fields v. Cloyd*, 9th Dist. Summit No. 24150, 2008-Ohio-5232, ¶ 9. "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18. A trial court's decision regarding the modification of spousal support is also reviewed for an abuse of discretion, which requires that the court's decision was arbitrary, unconscionable, or unreasonable. *R.O. v. P.O.*, 9th Dist. Summit No. 28929, 2018-Ohio-2587, ¶ 6, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶11} Section 3105.18(E) provides that an award of spousal support may only be modified when the trial court determines that either party has experienced a change in circumstances and, with respect to a divorce, when the decree specifically authorizes modification. "[A] change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in

the party's wages, salary, bonuses, living expenses, or medical expenses[,]" but the change must be "substantial" such that "the existing award [is] no longer reasonable and appropriate." R.C. 3105.18(F)(1)(a). In addition, the change in circumstances must not have been considered as a basis for the existing award of spousal support, whether or not it was foreseeable. R.C. 3105.18(F)(1)(b).

{¶12} Retirement, whether voluntary or involuntary, may constitute a substantial change in circumstances unless it was undertaken early with the intention of circumventing spousal support obligations. *Stevens v. Stevens*, 2d Dist. Montgomery No. 27761, 2018-Ohio-2662, ¶ 23. A trial court may specify in the divorce decree that a triggering event, such as retirement, will constitute a change in circumstances for purposes of Section 3105.18(F). *Walpole v. Walpole*, 8th Dist. Cuyahoga No. 102409, 2015-Ohio-3238, ¶ 12, citing *Lira v. Lira*, 12 Ohio App.3d 69 (8th Dist.1983) and *Jordan v. Jordan*, 3d Dist. Hancock No. 5-05-24, 2005-Ohio-6028, ¶ 9. In this case, the divorce decree incorporated the parties' agreement that spousal support would continue until the death of either party or an order of the trial court terminating the support obligation. The terms of that agreement also provided that Husband's retirement at the age of sixty-five would constitute a change of circumstances with respect to the modification or termination of support. The parties do not dispute that if Husband is retired, these provisions apply.

{¶13} The magistrate recognized that the terms of the decree provided that Husband's retirement would be considered a change in circumstances but concluded that Husband had not retired. In reaching this conclusion, the magistrate emphasized that Husband did not provide a date-certain for his retirement when he filed his motion and that Husband testified that he was still able to work. The magistrate also noted that Husband represented himself in a disciplinary matter after his motion to modify or terminate support was filed and observed that Husband did not file

an application with the Supreme Court of Ohio regarding his retirement or resignation until more than six months after the motion was filed. The magistrate viewed a ruling from the Supreme Court of Ohio on that application as determinative. Likewise, when reviewing Husband's objections to the magistrate's decision, the trial court concluded that "[Husband] was not retired but had willingly 'wound down' his law practice which resulted in a change in income." The trial court, like the magistrate, considered the status of Husband's application with the Supreme Court of Ohio as the sole determining factor.

{¶14} Husband's application, however, was not the only evidence in the record relevant to the question of his retirement. While this Court makes no ultimate determination about whether the evidence as a whole supports the conclusion that Husband is retired as contemplated by the divorce decree, we conclude that, given the record before the trial court, the trial court abused its discretion by concluding that Husband was not retired based solely on the status of his application with the Supreme Court of Ohio. Husband's first assignment of error is sustained, in part, on that basis.

### ASSIGNMENT OF ERROR II

THE RULING OF THE TRIAL COURT THAT [HUSBAND] HAD NOT PRODUCED SUFFICIENT RECORDS TO SHOW THE TOTAL FUNDS THAT HE HAD RECEIVED AS GUARDIAN, ADMINISTRATOR, ATTORNEY AND HEIR FROM [HIS FATHER] OR HIS ESTATE (OVERRULING [HUSBAND'S] FOURTH OBJECTION) CONSTITUTED AN ERROR OF LAW OR ABUSE OF DISCRETION, TO THE PREJUDICE OF [HUSBAND].

**ASSIGNMENT OF ERROR III**

THE RULING OF THE TRIAL COURT THAT THE MAGISTRATE HAD PROPERLY CONSIDERED ALLEGED DISTRIBUTIONS TO [HUSBAND] FROM [HIS FATHER'S] ESTATE BEYOND THOSE ESTABLISHED BY [HUSBAND'S] TESTIMONY (OVERRULING [HUSBAND'S] FIFTH OBJECTION) CONSTITUTED AN ERROR OF LAW OR ABUSE OF DISCRETION, TO THE PREJUDICE OF [HUSBAND].

**ASSIGNMENT OF ERROR IV**

THE RULING OF THE TRIAL COURT THAT THE RECORD DOES NOT DEMONSTRATE A SUBSTANTIAL CHANGE OF CIRCUMSTANCES JUSTIFYING TERMINATION OR REDUCTION OF SPOUSAL SUPPORT (OVERRULING [HUSBAND'S] SECOND AND THIRD OBJECTIONS), CONSTITUTED AN ERROR OF LAW OR ABUSE OF DISCRETION, AND WAS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE, TO THE PREJUDICE OF [HUSBAND].

{¶15} In light of this Court's resolution of Husband's first assignment of error, his second, third, and fourth assignments of error are premature.

III.

{¶16} Husband's first assignment of error is sustained in part. His second, third, and fourth assignments of error are premature. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed, and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

8

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.


JENNIFER HENSAL
FOR THE COURT


STEVENSON, J.
FLAGG LANZINGER, J.
CONCUR.


APPEARANCES:

DOUGLAS P. WHIPPLE, pro se, Appellant.

JOHN M. DOHNER, Attorney at Law, for Appellee.