[Cite as *DiPalma v. Whipple*, 2026-Ohio-1942.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| CATHERINE A. DIPALMA | | C.A. No. 31627 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DOUGLAS P. WHIPPLE | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. DR 2005-10-3633 |

DECISION AND JOURNAL ENTRY

Dated: May 27, 2026

SUTTON, Judge.

{¶1} Defendant-Appellant Douglas P. Whipple appeals the judgment of the Summit County Court of Common Pleas Domestic Relations Division. For the reasons that follow, this Court affirms in part and reverses in part.

I.

**Relevant Background Information**

{¶2} Mr. Whipple and Ms. DiPalma divorced in 2006 after thirty-one years of marriage. The parties reached an agreement on all the matters at issue in the divorce, and the terms of their agreement were incorporated into a divorce decree dated November 30, 2006. As part of that agreement, Mr. Whipple agreed to pay Ms. DiPalma $1,766.00 per month in spousal support until the death of either spouse or an order issued that modified or terminated support. The trial court retained jurisdiction over both the amount and duration of Mr. Whipple's spousal support obligation. With respect to modification, the agreement provided:

Spousal support may be modified upon a change of circumstances of either party, which shall include, but not be limited to any increase or involuntary decrease in the parties' wages, salary, bonuses, living expenses or medical expenses.

[Mr. Whipple's] voluntary retirement at age 65 shall be considered as a change of circumstances for purposes of modification and/or termination of spousal support.

{¶3}     On May 7, 2021, Mr. Whipple, an attorney who was then 67 years old, moved to terminate or reduce his spousal support obligation, noting that the divorce decree defined his voluntary retirement as a change in circumstances and that "it [was] [his] intent to specifically wind down his business."  Mr. Whipple also argued that termination of his spousal support obligation was warranted because his income "ha[d] substantially decreased since the time of divorce[.]" The matter was referred to a magistrate, who conducted a hearing and issued a decision on March 7, 2022, that denied Mr. Whipple's motion to terminate or modify spousal support, noting that when Mr. Whipple initially filed his motion, he did not state when he was retiring.  The magistrate further observed that while Mr. Whipple stated he was winding down his law practice, he was still able to work.  The magistrate concluded that because Mr. Whipple had represented himself in ethics proceedings before the Supreme Court of Ohio after filing his motion to terminate support, he had not retired from the practice of law at the time the motion was filed.  The magistrate also stated that Mr. Whipple did not file an application with the Supreme Court of Ohio to retire or resign from the practice of law until December 21, 2021. The magistrate concluded that because the Supreme Court had not yet ruled on Mr. Whipple's application, his "exact retirement date" was unknown. Apart from that conclusion, the magistrate also decided that having reviewed the factors set forth in R.C. 3105.18, no substantial change in circumstances had occurred.  The trial court entered judgment on the magistrate's decision on the same date, as provided by Civ.R. 53(D)(4)(e)(i).

**{¶4}** Mr. Whipple objected to the magistrate's March 7, 2022 decision. In its June 8, 2022 judgment entry overruling the objections, the trial court found Mr. Whipple was not retired but had "willingly 'wound down' his law practice which resulted in a change in income." The trial court further stated a voluntary reduction in income is not a justification for a reduction in spousal support. The trial court then stated, "[Mr. Whipple] may file another Motion to Modify Spousal Support once the Supreme Court of Ohio rules on [Mr. Whipple's] request to retire if he so chooses."

**{¶5}** Mr. Whipple appealed the June 8, 2022 decision to this Court arguing in part that the trial court erred in determining that he was not retired and in determining that his reduction in income was voluntary. We reversed the decision of the trial court stating, "the trial court abused its discretion by concluding that [Mr. Whipple] was not retired based solely on the status of his application with the Supreme Court of Ohio." *DiPalma v. Whipple*, 2023-Ohio-1023, ¶ 14 (9th Dist.). We determined that Mr. Whipple's three remaining assignments of error were premature and remanded the matter to the trial court. *Id.* at ¶ 16.

**{¶6}** On remand, the magistrate held a hearing on the issue of "if and when Mr. Whipple retired." On December 31, 2024, the magistrate issued a decision finding that Mr. Whipple had retired from the practice of law in December 2021. The magistrate also made other findings concerning the parties' ages and health, and Mr. Whipple's income and debt. The magistrate granted Mr. Whipple's motion to terminate or reduce spousal support and reduced his spousal support obligation to $0.00 effective January 1, 2022. The magistrate's decision advised in relevant part:

> A person may appeal this order by filing objections. Objections shall be filed within fourteen (14) days and shall state the objections with particularity. Objections stay this order unless this court grants an interim order. Civ.R. 53(D)(4(e)(i), Local Rule 27.04. A party shall not assign as error on appeal the court's adoption of any finding

of fact or conclusion of law, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(b)(iv), unless the party timely and specifically objects to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

{¶7}    Ms. DiPalma objected to the magistrate's decision but Mr. Whipple did not.  On August 1, 2025, the trial court overruled most of Ms. DiPalma's objections but sustained two objections in part and changed the effective date of the termination of Mr. Whipple's spousal support obligation to July 1, 2022, stating:

> The [c]ourt finds that the [m]agistrate did err in modifying spousal support retroactive to January 2022, when the [trial court] ruled on this issue in its June 8, 2022 Judgment Entry that support would not be modified until . . . [Mr. Whipple produced discovery records as ordered] and files a new Motion to Modify.  [Mr. Whipple] failed to file a new Motion to Modify prior to the January 24, 2024 hearing.  Therefore, the [c]ourt shall change the termination of spousal support to be retroactive to July 1, 2022, which is right after [Mr. Whipple stopped paying support on or about <u>June 21, 2022</u>[.]

(Emphasis in original.)

{¶8}    The "new Motion to Modify" the trial court was referring to in its judgment entry concerned a statement in its June 8, 2022 judgment entry, which was the subject of Mr. Whipple's previous appeal to this Court, which stated, "[Mr. Whipple] may file another Motion to Modify Support once the Supreme Court of Ohio rules on [his] request to retire if he so chooses."

{¶9}    Mr. Whipple subsequently withdrew his application to retire and therefore there was no ruling by the Supreme Court of Ohio on his application.

{¶10}   Mr. Whipple has appealed the trial court's August 1, 2025 judgment entry raising three assignments of error for our consideration.  Ms. DiPalma cross-appealed but has voluntarily dismissed her appeal.

II.

**ASSIGNMENT OF ERROR I**

**THE RULING OF THE TRIAL COURT THAT [MR. WHIPPLE] HAS BEEN RETIRED FROM THE PRACTICE OF LAW RETROACTIVE TO JULY 1, 2022, INSTEAD OF RETROACTIVE TO DECEMBER 31, 2021, AS THE MAGISTRATE CORRECTLY DECIDED, CONSTITUTES AN ERROR OF LAW OR ABUSE OF DISCRETION, TO THE PREJUDICE OF [MR. WHIPPLE].**

{¶11} In his first assignment of error, Mr. Whipple argues the trial court abused its discretion in changing the date of his retirement from December 31, 2021, to July 1, 2022, and terminating his spousal support obligation effective July 1, 2022. The trial court, however, did not change the date of Mr. Whipple's retirement. The trial court changed the effective date of the termination of Mr. Whipple's support obligation because he failed to file a new motion to modify spousal support. Mr. Whipple's retirement date as found by the magistrate was "December of 2021."

{¶12} "This Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion. In so doing, we consider the trial court's action with reference to the nature of the underlying matter." (Internal citations omitted.) *Foster v. Foster*, 2010-Ohio-4655, ¶ 6 (9th Dist.). An abuse of discretion means more than an error of judgment; it implies that the trial court's attitude was arbitrary, unconscionable, or unreasonable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶13} In its June 8, 2022 judgment entry, which was appealed to this Court in *DiPalma*, 2023-Ohio-1023, the trial court stated, "[Mr. Whipple] may file another Motion to Modify Support once the Supreme Court of Ohio rules on [his] request to retire if he so chooses." We reversed the June 8, 2022 judgment of the trial court and remanded the matter, stating, "the trial court abused

its discretion by concluding that [Mr. Whipple] was not retired based solely on the status of his application with the Supreme Court of Ohio." *DiPalma* 2023-Ohio-1023, at ¶ 14.

{¶14} On remand, the magistrate terminated Mr. Whipple's spousal support obligation effective January 1, 2022. In ruling on Ms. DiPalma's objections to the magistrate's decision, the trial court added six months to Mr. Whipple's spousal support obligation beyond what the magistrate ordered based on Mr. Whipple's failure to file a new motion to modify or terminate spousal support. Pursuant to our previous decision in this matter, whether Mr. Whipple's application was granted by the Supreme Court of Ohio was not solely determinative of the issue of if and when he retired. Indeed, on remand, the magistrate determined that Mr. Whipple was retired as of December 2021 without the Supreme Court of Ohio having ruled on his application.

{¶15} It appears upon review, and we conclude, that the trial court abused its discretion in changing the date of the termination of Mr. Whipple's spousal support obligation on the basis that he failed to file a new motion. This Court's previous decision reversed the trial court's judgment entry denying Mr. Whipple's motion to modify or terminate spousal support. Therefore, that motion was still pending on remand and Mr. Whipple was not required to file a new motion to modify or terminate spousal support. "The effect of a reversal and an order of remand is to reinstate the case to the docket of the trial court in precisely the same condition that obtained before the error occurred.'" *Crandall v. Crandall,* 2025-Ohio-592, ¶ 11 (9th Dist.), quoting *Szymczak v. Tanner*, 2013-Ohio-4277, ¶ 12 (9th Dist.) and *In re G.N.,* 2008-Ohio-1796, ¶ 11 (12th Dist.).

{¶16} We therefore conclude the trial court abused its discretion in changing the effective date of the termination of Mr. Whipple's spousal support obligation from January 1, 2022, to July 1, 2022 on the basis given by the trial court; that Mr. Whipple failed to file a new motion for termination or modification of his spousal support obligation.

{¶17}   Accordingly, Mr. Whipple's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

**AS TO THE PRE-RETIREMENT YEARS OF 2020 AND 2021, THE RULING OF THE TRIAL COURT THAT THE RECORD DOES NOT DEMONSTRATE A SUBSTANTIAL CHANGE OF CIRCUMSTANCES JUSTIFYING TERMINATION OR REDUCTION OF SPOUSAL SUPPORT, CONSTITUTES AN ERROR OF LAW OR ABUSE OF DISCRETION, AND IS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE, TO THE PREJUDICE OF [MR. WHIPPLE].**

## ASSIGNMENT OF ERROR III

**THE RULING OF THE TRIAL COURT THAT THE MAGISTRATE HAD PROPERLY CONSIDERED ALLEGED DISTRIBUTIONS TO [MR. WHIPPLE] FROM THE PAUL WHIPPLE ESTATE BEYOND THOSE ESTABLISHED BY [MR. WHIPPLE'S] TESTIMONY CONSTITUTES AN ERROR OF LAW OR ABUSE OF DISCRETION, TO THE PREJUDICE OF [MR. WHIPPLE].**

{¶18}   In his second assignment of error, Mr. Whipple argues his spousal support obligation should have been reduced or terminated prior to his retirement date based on his reduced income in 2020 and 2021.  In his third assignment of error, Mr. Whipple argues the magistrate improperly considered alleged distributions from his father's estate when determining whether to reduce or his terminate spousal support obligation.

{¶19}   On December 31, 2024, the magistrate issued a decision terminating Mr. Whipple's spousal support obligation effective January 1, 2022.

{¶20}   However, Mr. Whipple did not object to that decision nor did he object to the magistrate's failure in that decision to terminate or reduce his spousal support obligation on a date earlier than January 1, 2022.  Civ.R. 53(D)(3)(b)(iv) provides:

> Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

**{¶21}** "This Court has previously determined that an appellant forfeits appellate review of any issues not stated in [an objection] to the magistrate's decision." *Trombley v. Trombley*, 2018-Ohio-1880, ¶ 10 (9th Dist.), citing *Adams v. Adams*, 2014-Ohio-1327, ¶ 6 (9th Dist.) ("This Court has held that when a party fails to properly object to a magistrate's decision in accordance with Civ.R. 53(D)(3), the party has forfeited the right to assign those issues as error on appeal.") *See also John Soliday Fin. Group, L.L.C. v. Robart*, 2009-Ohio-2459, ¶ 15 (9th Dist.) ("Because [the appellant] did not specifically object to the findings in the magistrate's decision set forth in the . . . assignments of error, those claims have been forfeited and may not be raised on appeal.").

**{¶22}** "While a [party] who forfeits such an argument still may argue plain error on appeal, this [C]ourt will not sua sponte undertake a plain error analysis if the [party] fails to do so." (Alterations sic.) *Bass-Fineberg Leasing, Inc. v. Modern Auto Sales, Inc*., 2015-Ohio-46, ¶ 24 (9th Dist.).

**{¶23}** As stated above, Mr. Whipple did not object to the magistrate's December 31, 2024 decision. While Mr. Whipple did respond in opposition to Ms. DiPalma's objections, he did not object to the magistrate's failure to modify or terminate his spousal support obligation on a date earlier than January 1, 2022, stating instead, "[t]he record in this case fails to demonstrate any abuse of discretion on the part of the [magistrate] or the [t]rial [j]udge."

**{¶24}** Mr. Whipple has thus failed to preserve for appellate review the issue concerning whether his spousal support obligation should have been reduced or terminated prior to January 1, 2022, and we therefore decline to address it. *See Henry v. Henry*, 2015-Ohio-4350, ¶ 18 (9th Dist.).

**{¶25}** Accordingly, Mr. Whipple's second and third assignments of error are overruled.

## III.

**{¶26}** For the forgoing reasons, Mr. Whipple's first assignment of error is sustained, and his second and third assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part. The case is remanded for the trial court to terminate Mr. Whipple's spousal support obligation effective January 1, 2022, and for further proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

BETTY SUTTON
FOR THE COURT

CARR, P. J.
<u>CONCURS.</u>

FLAGG LANZINGER, J.
<u>CONCURS IN JUDGMENT ONLY.</u>


<u>APPEARANCES:</u>

DOUGLAS P. WHIPPLE, pro se, Appellant.

JOHN M. DOHNER, Attorney at Law, for Appellee.